**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Robert Carl Bolus, Sr., | : | Case No. 5:20-02899-MJC |
| | : | |
| Debtor. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| Robert Carl Bolus, Sr., | : | |
| | : | Adversary Proceeding |
| Plaintiff, | : | No. 5:22-00049-MJC |
| v. | : | |
| | : | |
| SMS Financial CH, LLC, | : | |
| | : | |
| Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# O P I N I O N

## I. Introduction

This is the second Adversary Action filed by Plaintiff against the same creditor/defendant

in this bankruptcy case relating to the same facts and circumstances. The first proceeding related

to a claim for a violation of the automatic stay. In that proceeding, this Court found that the stay

was not violated when Defendant obtained a state court judgment because, *inter alia*, no stay was

in effect due to the case being dismissed for failure to file certain required documents.[1] Now, in

this second action, based upon the same facts set forth in Bolus I, Plaintiff seeks to have the state

court judgment avoided as an unauthorized post-petition transfer pursuant to 11 U.S.C. §549.[2]

---

[1] The first Adversary Action was filed on October 1, 2021 at No. 21-ap-38-MJC ("Bolus I"). In denying Plaintiff's Motion for Summary Judgment in Bolus I, this Court set forth in detail the facts relating to that matter in the August 29, 2022 Opinion, *In re Bolus*, 2022 WL 3948685 (Bankr. M.D. Pa. 2022) and incorporated herein.

[2] Unless otherwise indicated, all code references are to Title 11 under the Bankruptcy Code.

Defendant has filed a Motion for Summary Judgment seeking a determination that this action should be dismissed (i) as it is barred under the doctrine of *res judicata* and (ii) because there was no bankruptcy estate at the time the judgment was entered, Plaintiff's claim does not meet the elements of §549. Plaintiff filed a Cross Motion for Summary Judgment claiming that the entry of the state court judgment satisfies all the elements of §549. For the reasons set forth below, the Court finds that the doctrine of *res judicata* applies and that the alleged transfer does not fit within the elements required for a claim under §549.

## II. **Procedural History**

As stated above, Bolus I sets forth in detail the procedural history and the facts relating to this matter. The following is an abbreviated version of the procedural history relevant to the cross motions for summary judgment.

Prior to the Petition Date, SMS Financial CH, LLC ("SMS Financial") was engaged in litigation ("State Court Litigation") in the Pennsylvania Court of Common Pleas, Lackawanna County ("State Court") against Robert Carl Bolus, Sr. ("Plaintiff" or "Debtor") and Bolus Truck Parts & Towing, Inc. (Case No. 2017-CV-522).

Debtor filed his *pro se* voluntary Chapter 13 petition ("Petition") on September 30, 2020, on an emergency basis to stop the tax sale of nine (9) parcels of real estate that were scheduled for sale at 10:00 a.m. that day. At the time of filing, Debtor did not submit the required filing fee, a Statement of Social Security Number, or the creditor matrix. On October 14, 2020, the case was dismissed for failure to pay the filing fee. *See* BK. Dkt. # 13.[3]

---

[3] Docket entries in the main bankruptcy case are noted as "BK. Dkt." and all other docket entries refer to this Adversary Proceeding.

On October 22, 2020, while Debtor was *not* in bankruptcy, the State Court entered judgment in favor of SMS Financial and against Debtor in the amount of $100,916.43, plus interest, costs and attorney's fees ("State Court Judgment").[4]

On October 28, 2020, Debtor, with the assistance of legal counsel, moved to reinstate the case. The Court granted the Motion to Reinstate on October 29, 2020. *See* BK. Dkt. # 18.

On September 29, 2022 – three (3) days after the Adversary Action in *Bolus I* was dismissed, Debtor commenced this adversary proceeding with the filing of a complaint ("Complaint") against SMS Financial. The Complaint alleges one (1) count under §549 asserting that the entry of the State Court Judgment constitutes an unauthorized post-petition transfer.

Defendant SMS Financial filed an Answer to the Complaint on October 28, 2022, Dkt. # 5 and a Motion for Summary Judgment ("Motion") on February 27, 2023, Dkt. # 9. On March 2, 2023, Debtor filed a Cross Motion for Summary Judgment ("Cross Motion"). Dkt. # 14. Both parties supplied Statements of Material Facts and briefing is completed. The Court heard argument on the Motions on May 2, 2023, after which the matter was taken under advisement.

## III. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania

---

[4] The entry of the State Court Judgment was the basis for Debtor's Adversary Action filed in *Bolus* I alleging a violation of the automatic stay under §362. After this Court denied Debtor's Motion for Summary Judgment, the parties agreed to dismiss the first adversary action and an Order dismissing the action was entered on September 26, 2022. *See* No. 21-ap-38-MJC, Dkt. # 36.

dated March 11, 2016. The claim asserted in the Complaint is a core proceeding pursuant to 28 U.S.C. §157(b)(2).[5] Venue is proper pursuant to 28 U.S.C. §1409(a).

## IV. Facts

The parties both agree that there are no material facts in dispute. The facts relevant to this Adversary Action are as follows:

1. Prepetition, SMS Financial was engaged in the State Court Litigation against Debtor and Bolus Truck Parts & Towing, Inc., an entity Debtor wholly owns.

2. In the State Court Litigation, SMS Financial filed a motion for summary judgment against Debtor.

3. On September 30, 2020, the Debtor, *pro se*, filed his voluntary Chapter 13 Petition. BK. Dkt. # 1.

4. On October 14, 2020, Debtor's bankruptcy case was dismissed for failure to pay the filing fee. BK. Dkt. # 13.

5. On October 22, 2020, the State Court entered the State Court Judgment favor of SMS Financial and against Debtor in the amount of $100,916.43, plus interest, costs and attorney's fees.

6. On October 28, 2020, Debtor moved to reinstate the bankruptcy case. BK. Dkt. # 16.

7. On October 29, 2020, the Court granted the motion to reinstate. BK. Dkt. # 18.

---

[5] While a §549 claim is not listed under the enumerated core proceedings in 28 U.S.C. §157(b)(2), courts have concluded that such an action falls under a bankruptcy court's "arising under title 11" jurisdiction, and is therefore, a core matter. *See, e.g.*, *In re Jones*, 2006 WL 6810992, at *3 (B.A.P. 9th Cir. 2006); *In re Felice*, 480 B.R. 401, 426 (Bankr. D. Mass. 2012).

4

## V. **Discussion**

### A. **Summary Judgment Standards**

Pursuant to Federal Rule of Civil Procedure 56(a) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056): "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *E.g.*, *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017); *Transguard Ins. Co. of Am. Inc., v. Hinchey*, 464 F. Supp. 2d 425, 429 (M.D. Pa. 2006). Thus, the inquiry on a motion for summary judgment is to determine whether there is a disputed issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Hinchey*, 464 F. Supp. 2d at 430. "A dispute of material fact is 'genuine' only if the evidence 'is such that a reasonable jury could return a verdict for the non-moving party.'" *Holbrook v. Jellen*, 2017 WL 4401897, at *4 (M.D. Pa. Mar. 8, 2017) (quoting *Anderson*, 477 U.S. at 248).

The moving party has the initial burden to demonstrate "the absence of a genuine issue of material fact." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, then the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). On summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. *United States v. 717 S. Woodward St.*, 2 F.3d 529, 533 (3d Cir. 1993).

When the moving party has the burden of proof at trial on the underlying claim, the Third Circuit Court of Appeals characterized the standard as more stringent, explaining that the moving party must establish that no reasonable jury could find for the non-moving party in essence by

producing enough evidence to justify a directed verdict in its favor. *Donovan*, 661 F.3d at 185; *Kahle v. Roemmele (In re Roemmele)*, 2011 WL 4804833, at *4 (Bankr. E.D. Pa. Oct. 11, 2011).

When the moving party does not carry the burden of proof at trial, the moving party has the initial burden of showing the absence of a genuine issue of material fact. *Roemmele*, 2011 WL 4804833, at *4. The moving party "has no obligation to produce evidence negating its opponent's case. The moving party merely has to point to the lack of any evidence supporting the non-movant's claim." *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992) (citing *Celotex*, 477 U.S. at 323-25).

Here, both parties have filed Motions for Summary Judgment. Both parties agree that there are no issues of material fact. Therefore, SMS Financial must show that Debtor cannot support his claim as asserted in the Complaint. Conversely, under Debtor's Cross Motion, Debtor would be required to establish that no reasonable jury could find for the non-moving party in essence by producing enough evidence to justify a directed verdict in his favor. For the reasons set forth below, the Court finds that the doctrine of *res judicata* applies and, additionally, Plaintiff cannot meet the elements of his §549 claim.

### B. The Doctrine of *Res Judicata* Applies to this Action

The doctrine of *res judicata* (or claim preclusion) bars relitigating claims that were asserted in a previous action as well as those claims that could have been asserted. *In re Mullarkey*, 536 F.3d 215, 225 (3rd Cir. 2008) (citing *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir. 2007)). The parties agree that in order for the doctrine of *res judicata* to apply there must be: (1) a final judgment on the merits in a prior action involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.[6] *CoreStates Bank, N.A. v. Huls America, Inc.,*

---

[6] *See* Def. Brief in Support at 5, Dkt. # 20; Pl. Brief in Opp. at 3, Dkt. # 25.

176 F.3d 187, 194 (3d Cir. 1999) (quoting *Board of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)); *accord In re Montgomery Ward, LLC*, 634 F.3d 732, 736-37 (3d Cir. 2011). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank*, 176 F.3d at 194. "Claim preclusion … reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

My colleague Chief Judge Henry Van Eck held that "the doctrine of *res judicata* is intended to avoid piecemeal litigation of claims arising from the same events and to preclude the parties or their privies from relitigating issues that were or could have been raised in that action." *In re Conrad*, 604 B.R. 163, 172 (Bankr. M.D. Pa. 2019) (citing *Sims v. Viacom, Inc.*, 544 F. App'x 99, 101 (3d Cir. 2013)). The purpose of *res judicata* is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

In support of his position, Plaintiff cites *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs,* 726 F.3d 387 (3rd Cir. 2013), where the Third Circuit Court of Appeals set forth guidance on determining the applicability of *res judicata*:

> Factors relevant to this determination include (1) whether the acts complained of were the same; (2) whether the material facts alleged in each suit were the same; and (3) whether the witnesses and documentation required to prove such allegations were the same. The mere existence of common elements of fact between two claims does not establish the same cause of action if the critical acts and the necessary documentation were different for the two claims. In addition, an identical

sought-after remedy for each of the claims is not dispositive for purposes of determining whether the second claim involves a new cause of action.

726 F.3d at 394-95 (internal citations omitted). There, the Court "disavowed attempts to create a simple test for determining what constitutes a cause of action for *res judicata* purposes" and indicated that the "focus of the inquiry is the 'essential similarity of the underlying events given rise to the various legal claims.'" *Id.* at 394 (citation omitted).

In *Marmon,* the Third Circuit dealt with two (2) successive actions relating to claims by a widow of a deceased coal miner for Black Lung benefits. The claimant in *Marmon* was first denied survivor benefits after the death of her husband. After Congress amended the applicable statute, the claimant filed a new claim and was awarded survivor benefits based upon "new assertions of entitlement." *Marmon*, 726 F.3d at 394. The *Marmon* Court found that "although there were common elements of fact alleged in each suit, the material facts alleged in each suit were different, and the witnesses and documentation required to prove the material facts were also different." *Id*. at 395.

However, *Marmon* does not support Plaintiff's position. In applying the *Marmon* factors here, the first factor is satisfied because it is clear that the act complained of – the entry of the State Court Judgment – is the same act complained of in Bolus I. In Bolus I, Plaintiff complained that the entry of the State Court Judgment violated the automatic stay. Here, Plaintiff complains that the entry of the State Court Judgment is an avoidable transfer. As to the second factor, the material facts alleged in each suit are exactly the same. Likewise, the third factor also indicates that the witnesses and documentation required to prove each of the causes of action are the same. Further, it is important to note that there is also nothing in the record that indicates that Plaintiff would have been prevented from bringing a claim under §549 in Bolus I.

Based upon the fact that the actions, facts, witnesses, and documents would all be the same as in Bolus I, the Court finds that the doctrine of *res judicata* applies to this second action and Plaintiff is precluded from bringing this action.

### C. Post-Petition Transfer under 11 U.S.C. §549[7]

Plaintiff's Complaint asserts that the entry of the State Court Judgment is an unauthorized post-petition transfer, and as such, can be avoided under §549. Section 549(a) states in relevant part:

> Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate –
> (1) that occurs after the commencement of the case; and
> (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.

11 U.S.C. §549(a). The elements and respective burden of proof for an unauthorized post-petition transfer under section §549(a) are:

> 1) after commencement of the bankruptcy case in question, 2) property of the estate, 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code. *In re Natl Pool Const., Inc.*, 2013 WL 878582, at *2 (Bankr. D. N.J. March 8, 2013). "Under § 549(a), while the trustee bears the burden of proving that a postpetition transfer of estate property occurred, the burden of proof as to the validity of that transfer is on the entity claiming the transfer was valid." *In re Bill*, 529 B.R. 779, 784 (Bank. D. Idaho 2015).

*In re White*, 2020 WL 1539928, at *2 (E.D. Pa. 2020).[8]

---

[7] The Court has determined that the Complaint is precluded under *res judicata*, however, it will also consider the merits of the §549 claim as an alternative basis for its decision.

[8] Plaintiff asserts that he has standing to bring the §549 claim pursuant to §§522(g) and (h). *See* Pl. Brief in Support at 2-3, Dkt. # 23. Since Defendant has not disputed the issue of standing and the Court has determined the Motions on other grounds, the Court will assume *arguendo*, that Plaintiff has satisfied the requirements under §§522(g) and (h).

9

Here, the issue is what effect the dismissal of the bankruptcy case has on this analysis. As set forth above, this bankruptcy case was dismissed on October 14, 2020 and was not reinstated until October 29, 2020. In that intervening or gap period, the State Court Judgment was entered on October 22, 2020.

In its Motion, SMS Financial argues that the alleged "transfer" did not concern property of the bankruptcy estate since it did not occur during the bankruptcy case. More specifically, SMS Financial argues that

> Plaintiff cannot prove three of the four elements of an unauthorized transfer, particularly that there was a transfer after the commencement of the case, of property of the Debtor's estate, that was not authorized by the Code or the Court. In this case, it is undisputed that the transfer in question occurred after the case had been dismissed and before it was reinstated, that the transfer did not concern property of the estate, and that the transfer did not violate the Bankruptcy Code and as such was authorized.

Def. Brief in Support at 10, Dkt. # 20. The Court agrees.

As correctly cited by SMS Financial, pursuant to §349(b)(3), a dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Therefore, as of October 14, 2020, all property of the bankruptcy estate had revested back to Debtor/Plaintiff. As of the date of the "transfer" – October 22, 2020 – there was no bankruptcy estate. Further, upon reinstatement of the case on October 29, 2020, Plaintiff/Debtor's property then re-vested into the bankruptcy estate.

The Court finds *In re Dougherty*, 2019 WL 2529362 at *4 (Bankr. E.D. Mich. 2019) cited by Defendant, to be helpful in its analysis.

> The First Circuit Court of Appeals has held that dismissal of a bankruptcy petition ordinarily terminates the estate and the automatic stay. This proposition is supported by §362(c)(1), which provides that the stay of an act against property of the estate . . . continues until such property is no longer property of the estate. Moreover, since dismissal of a bankruptcy petition revests property of the

10

bankruptcy estate in the party that owned it prior to the filing of the bankruptcy petition, there is no longer a bankruptcy estate after a petition has been dismissed. **It is self-evident that there is no "estate," and therefore no "property of the estate," unless there is an existing bankruptcy petition.** The dismissal of a bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of a petition creates the bankruptcy estate and imposes the automatic stay. The purpose behind §349(b) is to undo the bankruptcy case, as far as practicable, and to restore property rights to the position in which they were found at the commencement of the case.

*Id.* at *4 (emphasis added) (citations and quotation marks omitted).

The facts in *Dougherty* are analogous to the facts here. In *Dougherty*, the debtor filed a turnover action under §542(a) seeking a return of wages garnished by the defendant during a gap period of seven months between the dismissal and reinstatement of the debtor's Chapter 13 bankruptcy case. The *Dougherty* Court found that although post-petition wages are property of the estate through dismissal, the "[w]ages earned after a dismissal are specifically excluded from property of the estate." *Id.* at *6. The Court further held that the garnished wages were not property of the estate as all estate property had reverted to the debtor during the gap period and as such, the §542(a) turnover claim was inapplicable. *Id.*

The Court notes that Plaintiff's Brief in response to the Motion (Dkt. # 25) and Brief in support of his Cross Motion (Dkt. # 23) ignore any discussion about this "gap period" and the fact that the property revested in Plaintiff upon dismissal under §349(b)(3). Plaintiff does argue in his Reply Brief (Dkt. # 31 at 5-6), without any legal authority cited, that *Dougherty* is distinguishable. However, Plaintiff's argument does not change the fact that there was no bankruptcy case as of the time of the transfer.[9] Based upon the plain and clear language of §549, read in conjunction with §349(b)(3), summary judgment in favor of Defendant is proper.

_____

[9] Plaintiff has not cited to any case that would make §549 applicable to a transfer during a "gap period" while there is no bankruptcy estate. Instead, Plaintiff argues that Defendant has not cited to any case that

## VI. <u>Conclusion</u>

For the reasons stated above, the Court concludes that Plaintiff's Complaint is precluded by the doctrine of *res judicata* and Plaintiff failed to establish one of the elements of his §549 claim, *i.e.,* that the State Court Judgment was property of the bankruptcy estate at the time of its entry. Consequently, Defendant's Motion for Summary Judgment is granted and Plaintiff's Cross Motion for Summary Judgment is denied.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 29, 2023

---

finds §549 inapplicable. Pl. Brief in Opp. at 6. This Court finds that the legal authority and analysis set forth in *Dougherty*, which was decided under §542, is sufficiently analogous to the avoidance analysis of a §549 claim.